<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **MARISELA MOREL,** | |
| **Plaintiff,** | **Civil Action No. 14-2934 (ES)** |
| **v.** | **OPINION** |
| **CAROLYN COLVIN,** *Acting Commissioner of Social Security*, | |
| **Defendant.** | |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Marisela Morel's appeal of an Administrative Law Judge's decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, the decision of the Administrative Law Judge is affirmed.

**I.      Factual Background & Procedural History**

Plaintiff is a fifty-two year-old woman who alleges disability due to the residual effects of breast cancer and lumpectomy surgery. She alleges her disability began on June 1, 2009. (D.E. No. 6, Administrative Record ("Tr.") at 17-19).

On January 20, 2011, Plaintiff filed a claim for SSI and DIB. (*Id.* at 17). The claim was initially denied on May 4, 2011, and again upon reconsideration on November 1, 2011. (*Id.* at 17). Subsequently, the Plaintiff requested a hearing before an Administrative Law Judge to review the application. (*Id.* at 77-82). Her case was heard before ALJ Richard L. DeSteno ("ALJ DeSteno"

or the "ALJ").  (*Id.* at 11-28).  On August 21, 2012, ALJ DeSteno again denied Plaintiff's claim for disability and found that Plaintiff could resume work activity.  (*Id.*).

Plaintiff requested review of the ALJ's decision, but the Appeals Council of the Social Security Administration denied her appeal on March 5, 2014.  (*Id.* at 1-7).  Accordingly, the ALJ's decision became the final decision of the Commissioner of the Social Security ("Defendant" or "Commissioner").  *See* 20 C.F.R. § 404.981.

On May 8, 2014, Plaintiff filed the Complaint appealing the Commissioner's final decision.  (D.E. No. 1, Complaint).   The administrative record was filed on December 17, 2014, (D.E. No. 6), and the parties briefed the issues on appeal, (D.E. No. 9, Brief in Support of Plaintiff Marisela Morel ("Pl. Mov. Br."); D.E. No. 10, Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Def. Opp. Br.")).  This matter is now ripe for resolution.

## II.    Legal Standards

### A.    Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance."  *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360

(3d Cir. 1999).  Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

The Third Circuit has made clear that an ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Burnett v. Commissioner of Social Security* 220 F.3d 112, 120 n.2 (3d Cir. 2000) (internal quotation marks omitted); *see also id.* at 119 (explaining that an ALJ must "set forth the reasons for his decision").

### B.      Standard for Awarding Benefits

To be eligible for DIB or SSI under Titles II and XVI of the Social Security Act, a claimant must establish that he or she is disabled as defined by the Act.  *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI).    Additionally, claimants seeking DIB must satisfy the insured status requirements set forth in § 423(c), while those seeking SSI must fall within the income and resource limits set forth in §§ 1382a and 1382b.

An individual is deemed disabled under both titles if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(a) (regarding DIB), 1382c(a)(3)(A) (regarding SSI).  The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(a), 1382c(a)(3)(B).

The Social Security Administration has established the following five-step, sequential evaluation process to determine whether an individual is disabled:

(i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 of [20 C.F.R. Part 404, Subpart P] and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make an adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

If at any point in this sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the evaluation stops.  *Id.*  Proper procedure also requires that the Commissioner determine the individual's residual functioning capacity ("RFC") before proceeding to step four.  20 C.F.R. § 404.1520(e), 416.920(e).  RFC is defined as the most the individual is capable of doing despite her limitations, including those that are not severe, and it is based on all relevant evidence in the record.  20 C.F.R. §§ 404.1545(a)(1)-(2), 416.945(a)(1)-(2).

### III.   ALJ DeSteno's Decision

Pursuant to the five-step sequential evaluation process, ALJ DeSteno determined that Plaintiff was not disabled under the SSA.  (Tr. at 17).  At step one, ALJ DeSteno found that Plaintiff had not engaged in substantial gainful activity since June 1, 2009, the alleged onset date of her disability.  (*Id*. at 17).

A step two, ALJ DeSteno determined that the residual effects of breast cancer and lumpectomy surgery constitute severe impairments.  (*Id.* at 19).  According to the ALJ, the residual effects are medically determinable impairments that, when considered individually or in unison, significantly inhibit Plaintiff's ability to perform basic work activities.  (*Id.*).

The ALJ did not, however, find that Plaintiff's mental impairment constitute a severe medical impairment.  Despite hearing testimony regarding Plaintiff's depression, the ALJ found that the record was "nearly void of medical evidence establishing a mental impairment to the degree alleged."  (*Id.* at 19-20).   Consequently, the ALJ did not find that mental impairments caused more than a minimal effect on Plaintiff's ability to work.  (*Id.* at 20).

At step three, ALJ DeSteno found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*).  According to the ALJ, the record demonstrated that Plaintiff's tumor was isolated in the left breast, removed by surgery, and treated successfully postoperatively with chemotherapy and radiation.  (*Id.*).  Moreover, the ALJ indicated that the evidence did not show a locally advanced carcinoma, carcinoma metastases, or recurrent carcinoma.  (*Id.*).

At step four, ALJ DeSteno determined Plaintiff's RFC.  (*Id.*).  The ALJ determined that Plaintiff has the capacity to lift and carry objects that weigh up to twenty pounds; frequently lift

and carry objects that weigh up to ten pounds; stand, walk, and sit up to six hours in an eight-hour day; push and pull arm and leg controls; and the full range of light work. (*Id.*). ALJ DeSteno also found that Plaintiff had no significant non-exertional limitations. (*Id.*)

In the support of this determination, the ALJ pointed to objective medical evidence on the record. For example, the ALJ noted that during Plaintiff's early rounds of chemotherapy, her doctors reported good energy levels and no instances of fever, headache, vision change, cough, wheezing, nausea, or bone pain. (*Id.* at 22). During Plaintiff's second round of treatment, she complained of hot flashes, early morning awakening, depressed mood, easy tearfulness, and irritability suggestive of depression. (*Id.*). However, Plaintiff continued to indicate that she lacked chest pain, shortness of breath, nausea, or vomiting. (*Id.*). Moreover, Plaintiff had a negative mammogram, felt well generally, and experienced only occasional myalgia and arthralgia, had no gastrointestinal or genitourinary issues, and her hot flashes had subsided. (*Id.*).

Given the claimant's treatment record, ALJ DeSteno found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged physical symptoms, however, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (*Id.* at 23). The ALJ found that Plaintiff retains the capacity to function adequately and perform basic work activities, and determined that her restrictions against work were self-imposed. The ALJ pointed to Plaintiff's ongoing ability to care for her teenage son, who she cooked for and took care of after school. (*Id.*).

At step four, ALJ DeSteno found that Plaintiff was able to perform past relevant work. Her Work History Report indicated that she worked as a sewing machine operator from 1998 to 2000 and a childcare worker from 2004 to 2008. (*Id.* at 24). She described both of these jobs to include

exertional requirements within the parameters of light work.  (*Id.*).  Plaintiff also testified that she worked as a hair-dresser from 1999 to 2008, but the record did not reflect such a position.  (*Id.*).  Accordingly, the ALJ determined that Plaintiff can perform her past childcare and sewing machine operator jobs as she previously performed them, and can return to her job as a hair-dresser, as it is generally performed in the national economy.  (*Id.* at 24).

Because ALJ DeSteno determined that Plaintiff was not disabled at step four, as she was able to perform her past work activities, he did not proceed to step five.  *See* 20 C.F.R. § 404.1520(a)(4)(iv) ("If you can still do your past relevant work, we will find that you are not disabled.").

## IV.   Discussion

On appeal, Plaintiff argues that ALJ DeSteno's decision was not supported by substantial evidence for three reasons.  First, Plaintiff argues that ALJ DeSteno erred in his credibility assessment, and therefore, her subjective complaints of pain were improperly rejected.  (Pl. Mov. Br. at 12-19).  Second, Plaintiff argues that ALJ DeSteno failed to support his RFC assessment with substantial evidence.  (*Id.* at 19-24).  Finally, Plaintiff contends that ALJ DeSteno failed to support his finding that she could perform her past relevant work with substantial evidence.  (*Id.* at 24-27).

### A.   Plaintiff's Subjective Complaints of Pain

Plaintiff argues that the ALJ improperly rejected her subjective complaints of pain for two reasons.  (Pl. Mov. Br. 12).  First, Plaintiff contends that, although the ALJ found that "[P]laintiff's impairments 'could reasonably be expected to cause some of the alleged physical symptoms,'" he did not find her disabled.  In particular, Plaintiff contends that neither her "complaints nor the evidence need to 'establish total disability' in order to sustain a finding of disability.  (*Id.* at 18-

19).  Second, Plaintiff contends that the ALJ improperly conflated her ability to look after her son and do chores at her leisure with the ability to do light work.  (*Id.*).

Although the ALJ is required to consider the Plaintiff's subjective complaints of pain, the ALJ may reject these complaints when they are inconsistent with objective medical evidence in the record.  *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).  The Third Circuit recognizes the "acute need for some explanation by the ALJ when he has received relevant evidence or when there is conflicting probative evidence in the record."  *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981).  The ALJ has discretion to evaluate claimant's credibility and arrive at an independent judgment in regards to the true extent of the pain alleged given medical findings and other evidence.  *Brown v. Schweiker*, 562 F. Supp. 284, 287 (E.D. Pa. 1983).

Nevertheless, if the ALJ determines that the testimony is not credible, he must indicate the basis for his conclusion.  *Cotter*, 642 F.2d at 705-06.  Courts will defer to the ALJ's credibility determination because the ALJ had the opportunity to assess the witness' demeanor at a hearing.  *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  "The substantial evidence standard entitles an ALJ to considerable deference, especially in credibility findings."  *Volage v. Astrue*, No. 11-4413, 2012 WL 4742373, at *7 (D.N.J. Oct. 1, 2012) (citing *Smith v. Califano*, 637 F.2d 968, 969 (3d Cir. 1981).

Here, the ALJ's determination to discredit Plaintiff's subjective complaints is supported by substantial evidence—mainly, objective medical evidence.  Plaintiff testified that she has "pain all over her body," and that "[s]he cannot be by herself."  (Tr. at 21).  However, the ALJ found that the objective medical evidence does not support Plaintiff's allegations.  (Tr. at 23).  For example, in 2009, Plaintiff was diagnosed with breast cancer, but after the completion of chemotherapy and radiation, she has been cancer free since October 2009.  (*Id.*).  Moreover, various doctors indicated

that Plaintiff was feeling well and suffered from limited pain.  (*Id.* at 23, 244).  The ALJ also determined that the treatment record did not support Plaintiff's allegations that Tamoxifen—a drug used to treat breast cancer—caused her abdominal pain and diarrhea, because the symptoms began well into her treatment schedule.  (*Id*. at 24).  Indeed, Plaintiff's oncologist did not adjust or stop the Tamoxifen despite her complaints.  (*Id.*).

Additionally, medical evidence indicated that Celexa helped reduce Plaintiff's hot flashes, but that she did not continue to take the drug because she ran out.  (*Id.* at 23).  The ALJ also indicated that Plaintiff did not exhaust all treatment avenues for her conditions.  (*Id.* at 24).  In particular, Plaintiff's oncologist advised her to see a GI specialist for a colonoscopy—given that she had not had one in seven years—but the ALJ noted that it was not clear from the record whether Plaintiff did in fact visited a GI specialist.  (*Id.* at 23, 24).

The ALJ also found that Plaintiff's daily living activities did not support her subjective complaints of pain and lack of functioning ability.  (*Id.* at 23).  According to the ALJ, evidence established that Plaintiff is able to independently care for her personal needs, and serves as the primary caregiver for her teenaged son.  (*Id.*).  Indeed, Plaintiff noted that she cooks meals for her son and helps with his school work.  (*Id.*).  Moreover, Plaintiff is able to clean her home, shop, iron, vacuum, and drive a car when necessary.  (*Id.*).  Accordingly, the ALJ determined that, despite her testimony, Plaintiff spends her day doing light work.  (*Id.*); s*ee also Bosich v. Astrue* No. 08-738, 2009 WL 1181252, at *4 (W.D. Pa. Apr. 30, 2009) (finding claimant's daily activities–including performance of household chores such as laundry, cleaning, and grocery shopping, care for her husband, etc. are inconsistent with her subjective complaints of pain).

Based on the foregoing, the Court concludes that the record contained substantial evidence to support the ALJ's decision to discredit Plaintiff's subjective complaints.  This same evidence

also supports the ALJ's determination that Plaintiff was not disabled, even in light of her symptoms.  Along the same lines, Plaintiff's daily functioning activities support the determination that she is able to perform light work.  Although the ALJ considered Plaintiff's subjective complaints, ALJ DeSteno indicated that they were inconsistent with the applicable record evidence, and supported the basis for his conclusion with said contradictory evidence.  *See Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002) (finding claimant's subjective complaints of pain not entirely credible where not supported by medical evidence).  Given the substantial evidence to discredit Plaintiff's subjective complaints, the ALJ did not err in reaching his conclusion that Plaintiff was not disabled and had the ability to perform light work.[1]

### B.    RFC Analysis

Next, Plaintiff argues that ALJ DeSteno erred at step four when he failed to explain, or support with substantial evidence, his determination that Plaintiff was only capable of light work.  (Pl. Mov. Br. at 19-24).  In particular, Plaintiff contends that the ALJ did not explain what limits her to light work.  (*Id.* at 23).  According to Plaintiff, ALJ DeSteno's decision only tells the reader "what's not wrong with plaintiff's health."  (*Id.*).

A claimant's RFC is "the most a claimant can do despite her limitations."  20 C.F.R. §404.1545(a)(1).  To assess the RFC, the ALJ must consider all relevant evidence from the record,

---

[1] The Plaintiff further asserts that the ALJ improperly considered her subjective complaints of pain when he determined that her mental impairment, which was purportedly caused by Tamoxifen, was not severe. (Pl. Mov. Br. at 16).  Plaintiff must provide medical evidence to establish the basis of the impairment or impairments, as symptoms alone will not suffice. *Mays v. Barnhart*, 78 F. App'x 808, 812 (3d Cir. 2003); *see also* § 404.1529(b).  ALJ DeSteno discussed Plaintiff's subjective complaints regarding her alleged mental impairments.  For example, he included her testimony that she cannot be left alone due to stress and depression, and has not been to a psychiatrist because she does not have insurance. (Tr. at 21).  Plaintiff's daughter's confirmed many of these points and mentioned her mother's suicide attempt.  (*Id.* 21-22.).  Nevertheless, the ALJ concluded that the record "was nearly void of medical evidence" to establish a basis for a severe mental impairment.  (*Id.* at 20).  Therefore, the Court finds that Plaintiff did not meet her burden of providing medical evidence at this step to establish depression that went beyond a slight abnormality. *Mays* 78 F. App'x 808 at 812 (finding that "symptoms of depression could not, alone, constitute a medically determinable [mental] impairment" without objective medical evidence).

which includes statements from medical sources and the claimant's own description of her limitations. 20 C.F.R. § 404.1545(a)(3); *Young v. Astrue*, 519 F. App'x 769, 771 (3d Cir. 2013). The RFC assessment must be supported by a clear statement of the facts upon which the finding is based. *Id.* (citing *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)). If a claimant's symptoms "suggest a greater functional restriction than is demonstrated by the objective evidence alone, the Commissioner considers evidence such as the claimant's statements, daily activities, duration and frequency of pain, medication, and treatment." *Landeta v. Comm'r of Soc. Sec.*, 191 F. App'x 105, 111 (3d Cir. 2006); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The claimant need not be pain-free to be found "not disabled" especially when her work issue requires a lower exertional level. *Lapinski v. Colvin* No. 12-02324, 2014 WL 4793938, at *19 (M.D. Pa. Sept. 24, 2014).

The Court concludes that ALJ DeSteno's RFC assessment was supported by substantial evidence. Contrary to Plaintiff assertion that the ALJ only discussed "what's not wrong with plaintiff's health," (Pl. Mov. Br. at 23), the ALJ concluded at step-two that the residual effects of breast cancer and lumpectomy surgery were severe impairments that significantly limit Plaintiff's ability to perform basic work functions. (Tr. at 19). However, the ALJ went on to determine that Plaintiff's impairments did not limit her capabilities to perform light work, as evidenced by her daily activities. As discussed in significant detail above, the ALJ indicated that Plaintiff spends her days performing activities that are consistent with light work. (Tr. at 23, 24); *see also Young*, 519 F. App'x at 771 (finding the ALJ's determination that the claimant was capable of light work was supported by substantial evidence because the ALJ's decision was consistent with medical findings and claimant's testimony that he can perform various household tasks). For example, Plaintiff cooks, cleans, shops, and drives when necessary. (Tr. at 23).

Given the above, the Court concludes that substantial evidence supports the ALJ's RFC assessment.  ALJ DeSteno explained and supported with substantial evidence his determination that Plaintiff was capable of light work, and thus, did not commit any error.[2]  As such, the Court must defer to the ALJ and affirm his decision.

### C.       Past Relevant Work Analysis at Step Four

Finally, Plaintiff argues that the ALJ's conclusion that she could resume past work is not supported by substantial evidence.  (Pl. Mov. Br. at 24).  In particular, Plaintiff contends that the ALJ failed to perform a "function-by-function" analysis of the duties of her past work.  (*Id.* at 24-27).

Plaintiff bears the burden to demonstrating an inability to pursue her former occupation. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).  If the claimant cannot meet that burden, the claim is denied.  (*Id.*).   Plaintiff's testimony is the primary source of information concerning her past relevant work, and should be accepted absent substantial, contradictory evidence. *Roberts v. Comm'r of Soc. Sec.*, No. 09-221, 2010 WL 1931136 at *10 (D.N.J. May 12, 2010).

At step four, the ALJ determines whether a claimant's RFC allows her to perform past relevant work.   This requires the ALJ to (1) make specific findings of fact as to the claimant's RFC; (2) make findings of physical and mental demands of the claimant's past relevant work; and (3) compare the RFC to the past relevant work to determine if the claimant has the capacity to perform that past work. *Burnett v. Comm'r of Soc. Sec. Admin.* 220 F.3d 112, 120 (3d Cir. 2000).

---

[2] Plaintiff also argues that ALJ DeSteno found her capable of light work only because if he had limited her to sedentary work it would have been sufficient to establish disability under 20 C.F.R. App'x Subpart P Rule 201.17.  (Pl. Mov. Br. at 19).  This argument does not have merit because the ALJ put forward substantial evidence to support his conclusion that Plaintiff was capable to perform light work.

When making a determination as to a claimant's past relevant work, an ALJ should consider the individual's statements, medical evidence, and supplementary information, such as past employers' testimony, when possible.  SSR 82-62; *see id.* at 123.  To determine whether the ALJ's finding is supported by substantial evidence, this Court reviews the record "as a whole." *O'Connor v. Comm'r Soc. Sec.* 466 F. App'x 96, 99 (3d Cir. 2012) (citing 5 U.S.C. § 706).  The ALJ does not have to "discuss or refer to every piece of evidence of the record, so long as the reviewing court can discern the basis of the decision."  *Robinson v. Colvin*, No.14-662, 2015 WL 5838469, at *13 (D. Del. Oct. 5, 2015).

Here, the Court concludes that the ALJ's finding is supported by substantial evidence. First, the ALJ concluded that Plaintiff has the RFC to perform light work—which was supported by substantial evidence, as indicated above.  (Tr. at 20).

Next, the ALJ made findings as to Plaintiff's past relevant work and concluded that, based upon her own descriptions, Plaintiff's former occupations fall within the parameters of light work. (*Id.* at 24).  Light work involves lifting no more than twenty pounds at a time and frequent lifting or carrying of objects that weight up to ten pounds.  20 C.F.R. § 404.1567.  Light work requires "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*  In her Work History Report, Plaintiff stated that her sewing-machine operator position required that she frequently lift ten pounds and twenty pounds at most.  (*Id.* at 152-55).  She further testified that she remained seated but used a foot pedal while working, collected fabrics, and would put a sweater in a box when she was finished.  (Tr. at 156). At her childcare job, she also frequently lifted ten pounds and at most lifted twenty pounds.  (Tr. at 157).  At this job, she was required to feed, bathe, play with, and carry around the children.

(*Id.*).  Based on these descriptions, the ALJ determined that the positions involved exertional requirements within the parameters of light work.  (*Id.* at 24).

Finally, the ALJ compared Plaintiff's RFC to her past relevant work and concluded that she has the capacity to return to those positions.  (*Id.*).  Indeed, Plaintiff's exertional descriptions of her past relevant work align directly with her light work RFC.

Moreover, the Court is unpersuaded by Plaintiff's argument that the ALJ failed to conduct a function by function analysis.  The ALJ specifically found that Plaintiff

> had residual functional capacity for lifting and carrying objects weighing up to 20 pounds; frequently lifting and carrying objects weighing up to 10 pounds; standing, walking, and sitting up to six hours in an eight-hour day; pushing and pulling arm and leg controls; and the full range of light work.

(*Id.* at 20).

As the Court previously indicated, the ALJ supported this determination after an extensive analysis and discussion regarding the available evidence.  And, most importantly, the ALJ relied on Plaintiff's testimony as to her daily functioning activities.  The Court is satisfied that the ALJ's thorough review and specific determinations satisfies the requirements set forth in SSR 96-8p.

In sum, the Court concludes that substantial evidence supported the ALJ's finding that Plaintiff can resume her past relevant work.

## V.     Conclusion

For the foregoing reasons, the Court hereby affirms ALJ DeSteno's decision.  An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

14